```
James D. Pacitti, Esq. (SBN 248696)
Krohn & Moss, Ltd.
10474 Santa Monica Blvd., Suite 401
Los Angeles, CA  90025
T: (323) 988-2400; F: (866) 802-0021
jpacitti@consumerlawcenter.com
Attorneys for Plaintiff,
GRANT WILLIAMS
```

ORIGINAL FILED

2010 APR 22  P 1:38

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
N.D. CA.-SAN JOSE

ADR  E-filing

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| GRANT WILLIAMS, <br><br> Plaintiff, <br><br> v. <br><br> PORTFOLIO RECOVERY ASSOCIATES, LLC, <br><br> Defendant. | Case No.: CV10-01726 <br><br> **COMPLAINT AND DEMAND FOR JURY TRIAL** <br><br> **(Unlawful Debt Collection Practices)** |

### VERIFIED COMPLAINT

GRANT WILLIAMS (Plaintiff), by the undersigned attorneys, KROHN & MOSS, LTD., alleges the following against PORTFOLIO RECOVERY ASSOCIATES, LLC, (Defendant):

### INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA).

### JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to *15 U.S.C. 1692k(d)*, which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

3. Defendant conducts business in the state of California, and therefore, personal jurisdiction is established.

4. Venue is proper pursuant to *28 U.S.C. 1391(b)(1)*.

5. Declaratory relief is available pursuant to *28 U.S.C. 2201 and 2202*.

## PARTIES

6. Plaintiff is a natural person residing in Redding, California.

7. Plaintiff is a consumer as that term is defined by *15 U.S.C. 1692a(3)*, and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by *15 U.S.C. 1692a(5)*.

8. Defendant is a debt collector as that term is defined by *15 U.S.C. 1692a(6)* and sought to collect a consumer debt from Plaintiff.

9. Defendant is a national company with its headquarters in Norfolk, Virginia.

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

11. Defendant continuously and repeatedly has contacted Plaintiff telephonically on a nearly daily basis, multiple times per day, regarding an alleged debt owed to Washington Mutual.

12. Defendant would frequently hang up when Plaintiff answered.

13. Defendant called Plaintiff from 800-772-1413, amongst other unidentified numbers.

14. Defendant failed to ever send Plaintiff a debt validation letter.

15. Defendant has demanded Plaintiff make payment for a debt that is based on a judgment entered against someone with a different name from Plaintiff for a lawsuit which was never served upon Plaintiff.

16. Defendant called Plaintiff a "liar" when Plaintiff said that he was disabled and had not worked since 1998 due to his disability.

## COUNT I
## DEFENDANT VIOLATED THE
## FAIR DEBT COLLECTION PRACTICES ACT

17. Defendant violated the FDCPA based on the following:

   a. Defendant violated *§1692d* of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress and/or abuse Plaintiff in connection with the collection of a debt;

   b. Defendant violated *§1692d(2)* of the FDCPA by using language the natural consequence of which is to abuse the Plaintiff;

   c. Defendant violated *§1692d(5)* of the FDCPA by causing a telephone to ring and/or engaging in telephone conversations repeatedly with the intent to annoy, abuse or harass the Plaintiff; and

   d. Defendant violated *§1692g(a)(1-5)* by failing to provide appropriate notice of the debt within 5 days after the initial communication including: (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within 30 days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies verification of the debt or a copy of a judgment against the consumer and a the debt collector in writing within the 30-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the 30-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL

WHEREFORE, Plaintiff, ROBERT STEVENS, respectfully requests judgment be entered against Defendant, PORTFOLIO RECOVERY ASSOCIATES, LLC, for the following:

18. Declaratory judgment that Defendant's conduct violated the Fair Debt Collection Practices Act;

19. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*;

20. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*; and

21. Any other relief that this Honorable Court deems appropriate.

### DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, GRANT WILLIAMS, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

DATED: April 19, 2010          KROHN & MOSS, LTD.

By: _____
James D. Pacitti
Attorney for Plaintiff

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF CALIFORNIA

   Plaintiff, GRANT WILLIAMS, states as follows:

1. I am the Plaintiff in this civil proceeding.

2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5. I have filed this Complaint in good faith and solely for the purposes set forth in it.

6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.

7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

   Pursuant to 28 U.S.C. § 1746(2), I, GRANT WILLIAMS, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

DATE: 3/19/2010                                  _____
                                                 GRANT WILLIAMS

VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL